IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRETT ALLEN AKLESTAD,                                    CV 07-1539-MA

        Petitioner,                                  OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

        Respondent.

    BRETT ALLEN AKLESTAD
    Federal Register Number 67992-065
    Federal Correctional Institution
    PO Box 5000
    Portland, OR  97378-5000

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

On January 20, 2005 Petitioner pleaded guilty to Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and two counts of Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d), in the District of Oregon.  He was sentenced to 110 months imprisonment, 5 years of supervised release, and ordered to pay restitution in the amount of $24,785.50.  The judgment specified that Petitioner shall pay any unpaid restitution balance remaining at the time of his release from custody "at the maximum installment possible and not less than $50 per month."  The judgment contained a boilerplate paragraph stating that if a period of imprisonment was imposed, "payment of criminal monetary penaltieis shall be due during the period of imprisonment."  In other words, the sentencing court did not set a payment schedule by which Petitioner was to pay down his restitution sentence while in prison.

According to Petitioner, when he arrived at FCI Sheridan the BOP began withdrawing restitution payments of $30 per month from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP).  *See* 28 C.F.R. § 545.10, *et seq*. Petitioner requests that this Court issue a Writ of Habeas Corpus

2- OPINION AND ORDER

commanding Respondent to cease collecting any restitution payments from him on the basis that the BOP does not have authority to "force" petitioner to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment.  Petitioner also asks the Court to command Respondent to identify Petitioner as "IFRP-Exempt," to vacate his "IFRP-refusal status," to vacate associated sanctions imposed upon him, and to restore him to "the position he would have been but for the wrongful actions of the respondent."

By his answer dated January 15, 2008, Respondent concedes the writ should be granted, but argues that no relief should be ordered because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt."

Petitioner has made a sufficient showing that the BOP's collection of restitution payments from him contravenes the Mandatory Victims Restitution Act of 1996 (MVRA)[1], because the sentencing court did not set a schedule of payments for his period of imprisonment.  *See United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*).  Despite Respondent's

---

[1] The MVRA states, in relevant part, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...". 18 U.S.C. § 3664(f)(2).

3- OPINION AND ORDER

similar concessions in multiple Section 2241 cases in this district[2], Respondent has not ceased collection of restitution payments from prisoners in the same position as Petitioner without a court order. Accordingly, I once again issue the writ of habeas corpus, and command Respondent to designate this Petitioner "IFRP Exempt."

Petitioner is not entitled to any other relief. In his petition he states that his "refusal to acquiesce to the BOP's payment schedule [has resulted in Petitioner being] threatened with placement in IFRP-Refusal Status and [has caused him to suffer] other harsh consequences administered by the BOP." However, there is not any evidence that Petitioner actually stopped making restitution payments, that he has been placed on "IFRP Refusal Status," or that any sanctions have been imposed upon him as a consequence of refusing to make restitution payments pursuant to the IFRP. Nor is Petitioner worse off for having paid down his restitution sentence.

---

[2] *See White v. Daniels*, 2007 WL 4210960 (D. Or. Nov. 26, 2007); *Haskins v. Daniels*, 2007 WL 4210913 (D. Or. Nov. 26, 2007); *Nelson v. Daniels,* 2007 WL 3128502 (D. Or. Oct. 22, 2007); *Wright v. Daniels,* 2007 WL 3125302 (D. Or. Oct. 22, 2007); *Putnam v. Daniels*, 2007 WL 2688243 (D. Or. Sept. 10, 2007); *Bowen v. Daniels,* 2007 WL 2608312 (D. Or. Sep. 3, 2007); *Fowler v. Daniels*, 2007 WL 2323306 (D. Or. Aug. 8, 2007); *Lemoine v. Daniels*, 2007 WL 2138601 (D. Or. July 20, 2007); *Dixey v. Daniels*, 2007 WL 1975806 (D. Or. July 5, 2007); *Jones v. Daniels*, 2007 WL 1959278 (D. Or. July 2, 2007); *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. Dec. 5, 2006).

4- OPINION AND ORDER

**CONCLUSION**

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt."

IT IS SO ORDERED.

DATED this 17_ day of January, 2008.

                         /s/  Malcolm F. Marsh
                         Malcolm F. Marsh
                         United States District Judge